UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JUAN JIMINEZ-SANTANA[1], ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:03-CV-23/1:00-CR-145 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>O R D E R</u>**

Petitioner Juan Jiminez-Santana filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). The Court referred the matter to United States Magistrate Judge Susan K. Lee pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) solely for a determination of the disputed factual issues relating to Petitioner's claim of ineffective assistance of counsel due to his counsel's alleged failure to file a direct appeal. In accordance with Rule 72(b) of the Federal Rules of Civil Procedure, the magistrate judge filed a report and recommendation ("R&R") finding Petitioner has demonstrated he received ineffective assistance of counsel and recommending the portion of his § 2255 motion dealing with the issue of ineffective assistance of counsel due to failure to file a direct appeal be granted.

After reviewing the record and applicable law, the Court agrees with the magistrate judge's report and recommendation. Accordingly, the Court **ACCEPTS** and **ADOPTS** the magistrate judge's findings of fact, conclusions of law, and recommendations pursuant to 28 U.S.C. §

---

[1] Although Petitioner spelled his name on his petition "Jimenez-Santana," it appeared during his criminal proceedings "Jiminez-Santana" is the correct spelling of his name (*see* Crim. Court File No. 98).

636(b)(1)(B) & (C), and Rule 72(b), and hereby **GRANTS** the portion of his § 2255 motion dealing with the issue of ineffective assistance of counsel due to failure to file a direct appeal. The Court further **GRANTS** Defendant an out-of-time appeal as the remedy for this ineffective assistance of counsel.

Therefore, the Court hereby **VACATES** Defendant's original judgment and **REIMPOSES** the same sentence. *See Rosinski v. United States*, 459 F.2d 59 (6th Cir. 1972) (per curiam), *accord. Johnson v. United States*, 2005 U.S. App. LEXIS 12830, *4-*5 (6th Cir. 2005); *see also United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court **WILL ENTER** an Amended Judgment.

Petitioner is hereby notified of the rights associated with an appeal from the sentence the Court reimposes in this Order:

(1) Petitioner has the right to appeal the reimposed sentence. The Clerk's Office is hereby **ORDERED** to file a notice of appeal for him within **Ten Days** from the entry of the Amended Judgment, in accordance with Fed. R. Crim. P. 4(b)(1)(A)(i).

(2) If Petitioner cannot afford counsel to represent him on appeal, he should make a request and the Court will appoint counsel to represent him.

**SO ORDERED.**

**ENTER:**

                                       **/s/**
                         **CURTIS L. COLLIER**
               **UNITED STATES DISTRICT JUDGE**